*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*
*WHITE PLAINS COURTHOUSE*
==========================================

|  |  |
|---|---|
| **MOHAMED AMRIBET, on behalf of himself and a collective of those similarly situated,** | : |
|  | : |
|  | : **COMPLAINT** |
| Plaintiff | : |
|  | : |
| vs. | : |
|  | : |
| **MTC LIMOUSINE & CORPORATE COACH, INC.,** | : |
|  | : |
| Defendant | : |
|  | : |

==========================================

Plaintiff MOHAMED AMRIBET, by and through his attorney, brings this Complaint on behalf of himself and an opt-in collective of all others similarly situated for willful violations of the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, ("FLSA") seeking back-pay and other redress for Defendant's intentional and systematic underpayment of its employees.

## PARTIES

1. Plaintiff MOHAMED AMRIBET is a natural person and a resident of Westchester County, New York.

2. Defendant MTC LIMOUSINE & CORPORATE COACH, INC. (hereafter "MTC" or "Defendant") is a New York corporation with a principal place of business located in Bedford Hills, in Westchester County, New York.

3. Defendant is an "employer" within the meaning of the FLSA, is engaged in interstate commerce in that it regularly transports passengers across state lines, and has an annual revenue exceeding $500,000.00.

4. At all times relevant to this Complaint, Plaintiff was and is currently an employee driver

of Defendant, whose job duties include regularly being available for and transporting passengers, including across state lines.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because it an action arising under the laws of the United States, namely the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

6. Venue is proper in this District because Plaintiff resides in this District, Defendant has a principal place of business in this District, a substantial portion of the acts or omissions giving rise to this action occurred in this District, and a substantial portion of the relevant evidence and witnesses are located in this District.

7. Venue is proper in the White Plains Courthouse because Plaintiff is a resident of, and Defendant has a principal place of business in, Westchester County, New York.

## CAUSE OF ACTION

8. Defendant is livery company that provides chartered transportation to customers traveling to destinations within and without New York State, and employs a number of drivers for this purpose. Plaintiff has been employed as a driver for Defendant since early 2014.

9. Plaintiff is employed as a "house driver," and has been properly classified as an employee throughout his employment by Defendant.

10. Despite properly classifying them as employees, Defendant compensates plaintiff and other house drivers exclusively by commission.

11. On any given day during which Plaintiff and other house drivers (hereafter collectively referred to as "drivers") are assigned to drive fares, Defendant requires such drivers to be available to pick up and transport such fares at any time during a preset period of

2

hours.

12. This period of hours during which drivers are required to be available to drive fares on any given day is typically in excess of eight to twelve hours. Defendant's drivers, including Plaintiff, often work six or seven days per week, and regularly work in excess of 40 hours per week.

13. During the above-referenced periods, Defendant does not permit drivers to perform other activities, including employment activities. Rather, drivers must be available at all times during such periods to immediately take fares, should any arise.

14. However, Defendant does not compensate drivers for the time during which it requires them to be available to take fares.

15. Instead, Defendant only pays drivers via commissions, on rides that are actually taken by customers.

16. Defendant does not pay its drivers any hourly wage for the time during which it requires those drivers to be available to take fares, or at all.

17. Because Defendant does not pay its drivers unless fares are actually being driven, drivers, including Plaintiff, have regularly worked full days of eight hours or more for compensation that falls far below the minimum wage for the number of hours worked, and have frequently received paychecks that do not constitute the minimum wage for the number of hours worked during the relevant pay period.

18. Moreover, because Defendant only credits drivers with hours worked while actually driving fares, drivers, including Plaintiff, rarely – if ever – receive overtime pay to which they were entitled for working in excess of 40 hours per week.

19. As a result of Defendant's practices, Plaintiff has regularly been paid $200 to $300 for two-week pay periods reflecting in excess of 80 hours of work.

3

20. Defendant has a history of intentionally and systematically underpaying its employees, and has been sued as recently as May, 2014 for violations of federal and state wage and hour laws. *See Tutsky v. MTC Limousine & Corporate Coach, Inc., et al.*; No. 1:14-cv-03408-KBF in the U.S. District Court for the Southern District of New York.[1]

21. On information and belief, following the *Tutsky* suit, Defendant did not cease underpaying its drivers, but rather changed its practices so as to make its systematic underpayment more difficult for drivers to detect.

22. Indeed, in order to obscure from drivers the egregious extent of the underpayment, Defendant omits from the paystubs it provides to drivers any reference to the number of hours worked during the relevant pay periods.

23. Defendant's systematic underpayment of its drivers is willful and intentional, as evidenced by its failure to cease the practice after being sued for it in 2014, and its efforts to hide the practice from its current drivers – many of whom were not employed with Defendant at the time of the previous suit.

## FLSA COLLECTIVE ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and an opt-in collective, pursuant to 29 U.S.C §206(b), of similarly situated non-managerial house drivers currently or formally employed by Defendant ("the FLSA Collective"), seeking back-pay for minimum wages legally due to them for the time they worked, and back-pay for overtime compensation due to them for time they worked in excess of 40 hours per week, from three years prior to the date of the filing of this suit to present, as well as liquidated damages.

---

[1] The *Tutsky* suit was not filed on behalf of "house drivers," but rather on behalf of a different category of driver, which MTC was alleged to have misclassified as independent contractors. As a house driver, Plaintiff was not a member of the collective alleged to exist in *Tutsky*, and the claims brought in *Tutsky* are not the claims Plaintiff now brings in the instant action.

25. Defendant treated Plaintiff and the members of the FLSA Collective similarly in that they each performed similar tasks, were subject to the same laws and regulations, were paid in the same or a similar manner, and were not paid their due minimum wages and overtime compensation.

26. Therefore, as described herein, Plaintiff and the members of the FLSA Collective were each victimized by Defendant's willful, intentional, and persistent wage theft.

## CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime)

27. Plaintiffs restate and reallege Paragraphs 1-25 of this Complaint as if fully stated herein.

28. 29 U.S.C. § 206(a)(1) states, in pertinent part: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..."

29. Defendant is "employers" as defined by 29 U.S.C. §203(d).

30. On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

31. The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. §541.4.

32. Because Defendant regularly did not pay Plaintiff and the members of the FLSA Collective the required minimum wage for the hours worked in a given pay period, Defendant violated 29 U.S.C. § 206(a)(1) and 29 C.F.R. §541.4.

5

33. Because Defendant regularly did not pay Plaintiff and the members of the FLSA Collective required overtime compensation at a rate not less than one and one-half times their regular rate(s) for hours worked in excess of 40 hours per week, Defendants also violated 29 U.S.C. § 207(a)(1).

34. Plaintiffs bring this claim as an opt-in collective action seeking back pay, costs, and reasonable attorneys' fees in redress for Defendants' wage theft.

35. Because Defendant willfully and intentionally shirked its obligation to meet required minimum wage and overtime standards, Plaintiff and the members of the FLSA Collective are also entitled to an additional amount as liquidated damages, equal to the amount outstanding in back pay.

WHEREFORE, Plaintiff Mohamed Amribet, by and through his attorney, respectfully prays for the following relief:

A.  Entry of judgment for Plaintiffs and the members of the FLSA Collective and against Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.;

B.  An injunction requiring Defendant to comply with federal and state minimum wage and overtime standards, and to accurately record and report its employees drivers' hours worked.

C.  An award of actual damages in the amount shown to be due to Plaintiff and the members of the FLSA Collective for minimum wage and overtime back pay;

D.  An award of an equal amount in liquidated damages;

E.  An award of reasonable attorneys' fees and costs;

F.  Any other relief the Court deems reasonable and just.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully Submitted,

s/ James P. Batson
James P. Batson
*Plaintiff's Attorney*

LANGONE, BATSON & LAVERY, LLC
520 White Plains Road, Suite 500
Tarrytown, NY 10591
(914) 523-2278
jbatson@langonebatson.com