## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Mohamed Amribet and Defendant MTC Limousine & Corporate Coach, Inc., hereby agree upon this Settlement Agreement and Release ("Agreement") as a final settlement of all issues involved herein as follows:

**WHEREAS,** there is now a pending lawsuit, *Mohamed Amribet v. MTC Limousine & Corporate Coach, Inc.*, before the United States District Court for the Southern District of New York, under case number: 7:17-cv-07521-KMK ("Pending Action"), alleging violations of the Fair Labor Standards Act on which a final determination on the merits has not been made; and

**WHEREAS,** no motion to certify a class or conditionally certify a class has been filed; and

**WHEREAS,** although the Defendant denies all of Plaintiffs' claims, charges and allegations, and although the Defendant denies they have any liability for its treatment of Plaintiff, Plaintiff and Defendant desire fully and finally to resolve, compromise and settle this dispute on an amicable basis and to avoid the uncertainty, expense and burden of the litigation proceedings in court and any other litigation in any administrative agency or in any court of law which has occurred or will occur between or involving the parties before Plaintiffs sign this Agreement.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained herein, the Plaintiff and Defendant agree as follows:

1. **No Admission of Liability**. The parties hereto recognize and agree that the Defendant on behalf of itself and any Releasees (as defined below), as a part of this Agreement between the parties, do not admit any violation of law or any liability to Plaintiff or to anyone else on any matter, including, but not limited to those matters set forth in the Pending Action, or which could have been raised in such suit, including those involving Plaintiff's employment

relationship with Defendant and/or the separation of such employment or wages, overtime, or compensation paid or owed to Plaintiff.

2. **Dismissal of Pending Action**. For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action without costs or fees to either party; (2) not to re-file these causes of action or file any causes of action arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) to otherwise abide by the terms of this Agreement, including the General Release.

3. **Consideration**. Defendant agrees to pay Plaintiff the combined total sum of eight thousand dollars and zero cents ($8,000.00) ("Settlement Payment"), as set forth and allocated below, as well as other good and valuable consideration as described below.

    A. **Payment**. The full amount of the Settlement Payment (as indicated in paragraph 3) shall be paid as follows within 30 days following the Court's approval of the Parties' Settlement. The checks will be apportioned and made out as follows:

> 1. $4,785.00 (four thousand seven hundred and eighty-five dollars and no cents) shall be made payable Mohamed Amribet, less any legally required deductions, as wages, to be reported on IRS 1099 form for 2019.
>
> 2. $3,215.00 (three thousand two hundred and fifteen dollars and no cents) shall be made payable to Langone, Batson & Lavery, LLC, comprising an attorney fee of approximately 33% (thirty-three percent) of the total recovery, and an additional $549.00 (five hundred and forty-nine dollars and no cents) in costs advanced. The Tax ID No. for Langone, Batson & Lavery, LLC is 81-3597206. This payment shall be reported on IRS 1099-MISC form for 2019.

    B. The parties agree that the payments made pursuant to this Agreement are in order to settle disputed claims. Moreover, notwithstanding Plaintiff's manner of apportionment, Defendant disputes that Plaintiff is a prevailing party and assert that Plaintiff

would not otherwise be entitled to the consideration paid pursuant to this Agreement, except by virtue of this Agreement.  In the event the court does not judicially approve the settlement, this Agreement is void and no payments will be made pursuant to this Agreement.

        C.    The amounts paid pursuant to this paragraph include all monies due or claimed to be due of any sort whatsoever, including but not limited to, wages (including overtime), expense reimbursement, tips, uniform allowance and/or accrued but unused time to which Plaintiff may be entitled without reduction.

    4.    **Releases**.

        A.    In consideration for the promises, payments and actions of the parties set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff promises not to sue (to the extent permitted by law) and hereby waive, release, satisfy and discharge, on Plaintiff's own behalf and on behalf of anyone who could claim by and through Plaintiff the following:  MTC Limousine & Corporate Coach, Inc., any of its insurers, predecessors, successors in interest, assignees, parents, subsidiaries, divisions and affiliated or related companies and entities (hereafter collectively referred to as "Releasees"), of and from any and all claims, damages, debts, losses, demands, obligations, liabilities, fees (including attorney's fees), costs, causes of action, complaints, charges, grievances, complaints or suits arising out of or attributable to Defendant's payment of wages or other compensation or fringe benefits to Plaintiff, including but not limited to, all claims alleged in the Pending Action, all claims arising from the same facts, actions and/or occurrences alleged in the Pending Action, all claims for unpaid wages, unpaid overtime, unpaid reimbursement of expenses, unpaid minimum wage, retention of tips, payment or reimbursement of tips and/or gratuities of any kind, any accrued but unused paid time off of any kind, unpaid spread of hours pay, violation of laws

pertaining to wage notices or wage statements, or retention of wage records, penalties for failure to provide any wage notices, or any violation of the Fair Labor Standards Act, 29 U.S.C.§ 201, et seq., the New York Labor Law, the New York Executive Law, the New York City Administrative Code; or any other claims under the New York Labor Law or Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), *as amended*; wage theft statutes, wage statement laws, as well as any claims arising from any express, implied, oral or written contract for wages or other compensation or fringe benefits, and all claims for wages, compensation, and any and all other legal or equitable claims relating to payment of wages or other compensation or fringe benefits, whether under any applicable collective bargaining agreement, in contract, express or implied, or in tort, including attorneys' fees, incurred in these matters accruing through the date of this Agreement.

    B. In consideration of the promises, payments and actions of the parties set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, MTC Limousine & Corporate Coach, Inc. promises not to sue (to the extent permitted by law) and hereby waives, releases, satisfies and discharges, on Defendant's own behalf and on behalf of anyone who could claim by and through it, all claims known and unknown except for those unknown that result from any fraud or criminal conduct by the Plaintiff.

  5. **Waiver of Right to Join A Class or Recovery By Third Parties or Government Agencies.** Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act/New York State Wage and Hour provisions.

Plaintiff further agrees not only to release the Releasees from any and all claims as stated above which he could make on his own behalf, but also those which may be made by other persons or organizations on his behalf. Plaintiff specifically waives any right to become, and promise not to become, a member of any class in which a claim against Defendant or any of the Releasees defined herein is made involving any events up to and including the date of the execution of this Agreement, except where such waiver is prohibited by law. Plaintiff agrees to waive all rights to recovery for any damages awarded as a result of any lawsuit or claim or complaint brought by any third party or governmental agency on their behalf or on behalf of their assigns.

6. **No Other Claims.** Plaintiffs represent that they have no other complaints or charges against Defendant or those persons and/or entities released currently pending before any local, state or federal court, tribunal or administrative agency other than the Pending Action. Plaintiff also represents that if any such court, tribunal or agency assumes or has assumed jurisdiction over any such complaint or charge, he shall, within ten days of the effective date of this Agreement or within ten days of being notified of such pending claim in the event such notification occurs after ten days following the effective date of this Agreement, request in writing that the court, tribunal or agency withdraw the matter with prejudice and file any necessary stipulations and/or documents necessary in order to effectuate such withdrawals with prejudice. In the event that Plaintiff is subpoenaed to testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from such complaints, lawsuits, claims, demands, appeals or actions, they should immediately notify counsel for the Defendant of such subpoena by first-class mail to _____ _____. Defendant reserves the right to move to quash any such subpoena in a court of competent jurisdiction and Plaintiff agrees not to oppose any such motion.

7.      Counsel for the Plaintiff represent that they are not aware of and have not communicated with any potential plaintiffs who have indicated an interest in joining this action or commencing an action similar to the Pending Case against the Defendant or any of the Releasees defined in this Agreement.

8.      **Plaintiff's Responsibility for Taxes**. Plaintiff and his attorneys assume full responsibility for their respective portion of the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Defendant pursuant to this Settlement Agreement between the Parties.  Plaintiff and his attorneys acknowledge and agree that they shall indemnify and hold harmless Defendant for any taxes, assessments, penalties or interest payments (with the exception of those arising from the Employer's portion of social security taxes) due at any time in connection with or as a result of the taxability of their respective payments made by Defendant, provided that Defendant has given reasonable notice to Plaintiff and his attorneys, at their last known addresses, of any investigation or inquiry by any state or federal department, service or agency about the settlement payment.

9.      Plaintiff agrees that they will forbear from pursuing and will withdraw the Pending Action with prejudice, and that each party will bear their own costs, expenses, experts' fees and attorneys' fees.

10.     **Governing Law.**  This Agreement is to be construed and governed under the laws of the State of New York, and shall bind the parties and their respective heirs, estates, successors and assigns.  The parties agree that this Agreement constitutes the full and complete understanding between them and may not be modified or amended, except in writing, signed by all parties.  Plaintiff acknowledges that he has not relied on any representation, promise or

agreement of any kind made to them in connection with their decision to sign this Agreement, except for those set forth in this Agreement.  In the event that any provision of this Agreement is held to be void or unenforceable by a court of competent jurisdiction, the remaining provisions of this Agreement shall nevertheless be binding upon the parties with the same effect as though the void or unenforceable part had been deleted, provided however, that if the consideration set out in paragraph 3 is deemed invalid by a court of competent jurisdiction, the entire Agreement shall become void.

11. **Status of Settlement If Case Is Not Ultimately Dismissed**.  In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.  The Effective Date of this Agreement shall be the date after the parties receive notice that the Stipulation or the Settlement has been approved by the Court and that Pending Action is dismissed.

12. **Attorneys' Fees and Costs.**  It is further agreed that, except as provided herein, each party shall bear their own costs and attorneys' fees incurred in the pending action including negotiating and preparing this Agreement.

13. **Important Acknowledgments**. It is further understood and agreed that the sum of eight thousand dollars ($8,000.00) and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby.  Plaintiff hereby represents and warrants that they have entered into this Agreement of their own free will and accord, and in accordance with his own judgment, and after consultation with his attorneys, Plaintiffs hereby state that their counsel

have made a full and independent investigation of all the facts and representations relating to this Agreement and Release, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendant, or on the part of Defendant's agents, attorneys, servants, employees or representatives other than those specifically set forth herein.  Plaintiff specifically acknowledges that the parties jointly prepared this Agreement and that Plaintiff is executing this Agreement knowingly and voluntarily and that this Agreement and the provisions contained herein shall not be construed or interpreted for or against any party to this Agreement because said party drafted or caused the party's legal representatives to draft any of the provisions.

14. In the event either party brings a claim in violation of this Agreement, the breaching party shall be liable to the non-breaching party's costs and attorney's fees in defending such action.

15. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.  There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.  The recital clauses contained in this Agreement are incorporated into this Agreement.

16. **Successors and Assigns.** The parties agree that this Agreement shall inure to the benefit of and be binding upon Plaintiff, his heirs, administrators, representatives, executors, attorneys, insurers, successors and/or assigns, and shall inure to the benefit of and be binding

upon Defendant, its heirs, administrators, representatives, executors, attorneys, insurers, successors, and/or assigns, officers, directors and shareholders.

17.     **Signatures.** This Agreement may be executed in counterparts that, together, shall constitute one agreement.  Electronic copies of this Agreement, including fax, photocopy and pdf format of signatures to this Agreement shall be as valid and binding as original signatures.

18.     **Plaintiff understands, represents and agrees that Plaintiff:**

(A)     Has carefully read and fully understands all of the provisions of this Agreement;

(B)     Is, through this Agreement, releasing Defendant and all Releasees, from any and all claims that Plaintiff may have against them relating to Plaintiff's employment or separation of employment or alleged employment with Defendant, including any wage and hour violations pursuant to federal and/or state law and any allegations that Defendant failed to provide Plaintiff with legally required wage notices and statements and reimbursement pursuant to state and/or federal law;

(C)     Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(D)     Knowingly and voluntarily intends to be legally bound by this Agreement;

(E)     Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel, prior to executing this Agreement, and Plaintiff's counsel have provided Plaintiff with adequate translation of this Agreement;

(F)     Is duly authorized and have full authority to execute this Agreement;

(G)     Before executing this Agreement, was allowed at least twenty-one (21) calendar days to consider his rights and obligations under this Agreement and this period of time was reasonable. Plaintiff understands that any modifications, material or otherwise, made to this Agreement do not restart or affect in any manner the original twenty-one day period; and

(H)     Acknowledges and agrees that Plaintiff elected to enter into this Agreement and release MTC Limousine & Corporate Coach, Inc. from any and all claims he may have in exchange for consideration which is in addition to anything of value to which he is already entitled.

By: _____
Mohamed Amribet

On this __3__ day of __April__, 2019, before me personally appeared, **Mohamed Amribet** who is in my presence, executed the foregoing Settlement Agreement acknowledging such execution to be his free act and deed.

_____
Commissioner of Superior Court
Notary Public
My Commission Expires: 12/31/21

ADRIANA FENNINGER
Notary Public - State of New York
NO. 01FE6068238
Qualified in Putnam County
My Commission Expires 12/31/21

MTC Limousine & Corporate Coach, Inc.

By: _____

On this _____ day of _____, 201__, before me personally appeared, _____ who is in my presence, executed the foregoing Settlement Agreement acknowledging such execution to be his free act and deed.

_____
Commissioner of Superior Court
Notary Public
My Commission Expires:

(H)    Acknowledges and agrees that Plaintiff elected to enter into this Agreement and release MTC Limousine & Corporate Coach, Inc. from any and all claims he may have in exchange for consideration which is in addition to anything of value to which he is already entitled.

By: _____
    Mohamed Amribet

On this _____ day of _____, 201__, before me personally appeared, **Mohamed Amribet** who is in my presence, executed the foregoing Settlement Agreement acknowledging such execution to be his free act and deed.

_____
Commissioner of Superior Court
Notary Public
My Commission Expires:

MTC Limousine & Corporate Coach, Inc.
By: _____

On this  3RD  day of  April , 2019, before me personally appeared,  James Rubin  who is in my presence, executed the foregoing Settlement Agreement acknowledging such execution to be his free act and deed.

_____
Commissioner of Superior Court
Notary Public
My Commission Expires: