UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMED AMRIBET,

                      Plaintiff,

-v-

MTC LIMOUSINE & CORPORATE COACH, INC.,

                      Defendant.

No. 17-CV-7521 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

    On December 2, 2017, Mohamed Amribet ("Plaintiff") brought this Action against MTC Limousine & Corporate Coach, Inc. ("Defendant"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (*See* Compl. ¶¶ 24–35 (Dkt. No. 1).) On January 23, 2019, the Parties jointly moved for approval of their proposed settlement. (Dkt. No. 29.) On January 24, 2019, the Court filed an Order directing the Parties to submit further information explaining Plaintiff's range of possible recovery and the basis for the attorneys' fee award. (Dkt. No. 30.) On January 29, 2019, the Parties submitted the requisite information. (Dkt. No. 31.) On February 6, 2019, the Court issued an Order concluding that the settlement was negotiated in good faith at arms' length, (Order 3 (Dkt. No. 32)), that the settlement sum was fair and reasonable, (*id.*), and that the attorneys' fees sought were reasonable, (*id.* at 5–7), but denying the proposed settlement on grounds that the release provision was overbroad, (*id.* at 4–5).

    On April 5, 2019, the Parties submitted a revised proposed settlement. (*See* Letter from James P. Batson, Esq. to Court (Dkt. No. 34); *see also id.* Ex. A ("Revised Proposed Settlement") (Dkt. No. 34-1).) The revised release provision applies to all claims

arising out of or attributable to Defendant's payment of wages or other compensation or fringe benefits to Plaintiff, including but not limited to, all claims alleged in the Pending Action, all claims arising from the same facts, actions and/or occurrences alleged in the Pending Action, all claims for unpaid wages, unpaid overtime, unpaid reimbursement of expenses, unpaid minimum wage, retention of tips, payment of reimbursement of tips and/or gratuities of any kind, any accrued but unused paid time off of any kind, unpaid spread of hours pay, violation of laws pertaining to wage notices or wage statements, or retention of wage records, penalties for failure to provide any wage notices, or any violation of the Fair Labor Standards Act . . . , the New York Labor Law, the New York Executive Law, the New York City Administrative Code, or any other claims under the New York Labor Law . . . , wage theft statutes, wage statement laws, as well as any claims arising from any express, implied, oral or written contract for wages or other compensation or fringe benefits, and all claims for wages, compensation, and any and all other legal or equitable claims relating to payment of wages or other compensation or fringe benefits, whether under any applicable collective bargaining agreement, in contract, express or implied, or in tort, including attorneys' fees, incurred in these matters accruing through the date of this Agreement.

(Revised Proposed Settlement 3–4.) The revised release provision is sufficiently narrowed to those "claims at issue in this [a]ction." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015). Unlike the prior release provision, which extended to unknown claims and to claims unrelated to wage-and-hour issues and was therefore overbroad, the revised provision is limited to wage-and-hour issues. *See Redwood v. Cassway Contracting Corp.*, No. 16-CV-3502, 2017 WL 4764486 at *3 (S.D.N.Y. Oct. 18, 2017) (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues").

Accordingly, the Court approves the Parties' Revised Proposed Settlement

SO ORDERED.

Dated: White Plains, New York
April 9, 2019

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

2